IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

BIRMINGHAM REALTY COMPANY,

    Plaintiff,

vs.                            CASE NO. CV-98-J-2749-S

PROFORMANCE GROUP, INC.,
PGI ENGINEERING, INC.,
RODNEY R. SMITH, individually and
as agent of Proformance Group, Inc.,
and PGI Engineering, Inc.,

    Defendants.

FILED DEC 16 1998

## MEMORANDUM OPINION

Defendants Proformance Group, Inc. (Proformance) and Rodney R. Smith's motion to dismiss for lack of personal jurisdiction (doc. 5) was considered by the court at its December 15, 1998 motion docket. The court heard oral arguments at said docket. For the reasons stated below, that portion of the motion to dismiss concerning defendant Proformance Group, Inc. is due to be GRANTED. That portion of the motion to dismiss defendant Rodney Smith as an individual and as an agent of Proformance is due to be GRANTED. The Court specifically does not dismiss Rodney R. Smith as an agent for PGI Engineering, Inc., or PGI Engineering, Inc., (PGI) which did not participate in the other defendants' motion or appear at the motion docket.

10

## I. Procedural History

Plaintiff Birmingham Realty originally commenced an action identical to the one before this court in Jefferson County Circuit Court (Exhibit F to plaintiff's response to defendant's (sic) motion to dismiss, filed Dec. 8, 1998).[1] The Jefferson County Circuit Court granted a motion identical to the one pending before this court and dismissed defendants Proformance and Rod Smith. The plaintiff then filed this action on October 29, 1998 and filed a motion to dismiss the Jefferson County case on the same date (see Exhibit I to defendant's motion to dismiss), which was granted November 5, 1998. The defendants filed their motion to dismiss for lack of personal jurisdiction on November 23, 1998.

## II. Statement of Facts

The dispute in this matter is over a lease for office space in Birmingham, Alabama. The basis for jurisdiction in this court is 28 U.S.C. section 1332 diversity. The plaintiff alleges that the matter in controversy exceeds the sum of $75,000.00. The named defendants are all residents of South Carolina and the plaintiff is a resident of Birmingham, Alabama. (See complaint (doc. 1) and defendants' motion to dismiss (doc. 5)).

---

[1] Although the court has listed only one source for numerous facts as alleged by the parties, the parties have filed nearly identical exhibits in support of their respective positions. See defendants Proformance Group, Inc.'s and Rodney R. Smith's motion to dismiss for lack of personal jurisdiction, plaintiff's response to defendant's (sic) motion to dismiss and notice of filing affidavit of B.G. "Bud" Wilkerson in support of plaintiff's response to defendant's motion to dismiss.

### III. Analysis and Evaluation of Personal Jurisdiction

The determination of personal jurisdiction over a nonresident defendant requires a two-part analysis. *Madara v. Hall*, 916 F.2d 1510, 1514 (11thCir.1990). This court must first consider jurisdiction under the state long-arm statute. *Id.*, citing *Cable/Home Communications Corp. v. Network Productions, Inc.,*. 902 F.2d 829, 855 (11thCir.1990). Alabama's long-arm statute is found in the Alabama Rules of Civil Procedure at Rule 4.2(2) "Sufficient Contacts." That section states:

> A person has sufficient contacts with the state when that person, acting directly or by agent, is or may be legally responsible as a consequence of that person's (A) transacting any business in this state; (B) contracting to supply services or goods in this state; .... (F) having an interest in, using, or possessing real property in this state; .... or (I) otherwise having some minimum contacts with this state and, under the circumstances, it is fair and reasonable to require the person to come to this state to defend an action.

Rule 4.2 clearly states that "person" as used in this rule, includes a corporation. A.R.C.P. Rule 4.2(3).

In the facts before this court, Bud Wilkerson, a non-party, entered a lease agreement with the plaintiff. The plaintiff alleges this individual was an agent for defendant Proformance and acted at the direction of defendant Rod Smith. See plaintiff's response to defendants' motion to dismiss (doc. 8) and affidavit of B.G. "Bud Wilkerson," attached as exhibit B thereto. Although Mr. Wilkerson signed the lease in question as "president" of Proformance (see Lease attached to Exhibit E of defendant's motion to dismiss for lack of jurisdiction), in an affidavit filed by Joel Stoudenmire, he states that as counsel for

3

defendants he has reviewed the minutes from meetings of shareholders and directors of PGI for the past five years and that Mr. Wilkerson was never elected president of PGI, nor even a shareholder of the same.[2] He further states that defendant Rodney Smith is reflected as the president of PGI. (See affidavit of Joel Stoudenmire, Exhibit D to defendants' motion to dismiss). Thus, this court has only Mr. Wilkerson's word that he was acting on behalf of Proformance Group, Inc., and Rodney Smith. As Mr. Wilkerson signed the lease under a title representing an authority he apparently did not have, this court finds that it must look elsewhere for credible evidence of the defendants contacts with the state of Alabama.[3]

The most evidence this court can find that Proformance has ever had any contacts with the state of Alabama are three checks made out to the plaintiff and signed by the defendant Rodney Smith. The first of these checks is drawn on the account of Proformance and signed by Rodney Smith with a note that the check was for "First months (sic) Rent for PGI Engineering, Inc." (Exhibit C to the complaint). The second of these checks was drawn on an account of PGI from a bank different from the first check, although both accounts list the

---

[2]Unfortunately, both Proformance Group Inc. and PGI Engineering Inc. have the same initials. Because the Stoudenmire affidavit does not specify otherwise, this court concludes that the PGI reference in this affidavit refers to PGI Engineering, Inc., and not Proformance Group, Inc.

[3]Although plaintiff relies on a "fax lead sheet" to establish that Bud Wilkerson was acting on behalf of Rodney Smith and/or Proformance Group, Inc. as an agent therefore, this was a fax sheet sent to Mr. Wilkerson himself from someone named Susan Hopkins. However, this court can find no evidence from this exhibit that this document was sent with Mr. Smith's knowledge or consent, or that it was sent on behalf of him individually or as owner of Proformance. See Exhibit A to plaintiff's response to defendant's (sic) motion to dismiss.

same post office box address. Rodney Smith also signed this second check, apparently also for rent of the leased space, for February of 1998. (Exhibit D to the complaint). The third check is substantially similar to the second. (Exhibit E to the complaint.)

Thus this court finds that, at most, this establishes that Proformance provided PGI with the money to pay the first month's rent for space PGI leased. (See also affidavit of Rodney Smith, attached as Exhibit C to defendants' motion to dismiss.) The court finds that this alone is insufficient to satisfy even Alabama's expansive long-arm statute and thus GRANTS defendant Proformance's motion to dismiss based on lack of personal jurisdiction. This court also finds that defendant Rodney Smith as an individual took no actions related to this litigation in this state. Thus, Rodney Smith's motion to dismiss is GRANTED as to any claims against him as an individual. Logically, as this Court is dismissing Proformance from this action based on a lack of personal jurisdiction this Court must also dismiss defendant Smith as an agent of Proformance and therefore GRANTS the motion for the same.

However, this court also must consider whether Mr. Smith as an agent for PGI has subjected himself to jurisdiction in this state through contacts with the same. This court finds that, based upon the evidence discussed above, Mr. Smith signed checks for PGI to rent office space in Alabama and was president of PGI (see Exhibit D to defendants' motion to dismiss). Thus, at a minimum, defendant Smith as an agent for PGI, which defendant Smith wholly owns, provided the funds for PGI to lease office space in Alabama, which this court

5

finds is an interest in real property in this state. A.R.C.P. Rule 4.2(2)(F). (See Plaintiff's response to defendants motion to dismiss.)

Because this court finds that under the state long-arm statute jurisdiction over defendant Smith exists as an agent for PGI, this court must next examine the second prong of the analysis, whether sufficient contacts with this state exist to satisfy the Due Process Clause of the Fourteenth Amendment so that "maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Madara*, 916 F.2d at 1514, citing *International Shoe co., v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed.95 (1945). Only if both prongs of the analysis are satisfied may this court exercise personal jurisdiction over a nonresident defendant. *Madara*, 916 F.2d at 1514. This second prong of the analysis is a question of whether the defendant has "'fair warning' that a particular activity may subject him to the jurisdiction of a foreign sovereign." *Burger King Corp. v. Ruzewicz,* 471 U.S. 462, 472, 105 S.Ct. 2174, 2182, 85 L.Ed.2d 528 (1985). This fair warning requirement is satisfied if the defendant has "purposefully directed" his activities at the jurisdiction in question and the litigation results from alleged injuries that "arise out of or relate to" those activities. *Madara,* 916 F.2d at 1516; citing *Keeton v. Hustler Magazine, Inc.,* 465 U.S. 770, 774, 104 S.Ct. 1473, 1479, 79 L.Ed.2d 790 (1984); *Burger King*, 471 U.S. at 472, 105 S.Ct. at 2182 (quoting *Helicopteros Nationales de Columbia, S.A. v. Hall*, 466 U.S. 408, 414, 104 S.Ct. 1868, 1872, 80 L.Ed.2d. 404 (1984)).

The court therefore must analyze the evidence now in front of it to search for purposeful direction by Rodney Smith as an agent for PGI. This defendant signed two checks for this company to pay the lease amount. The defendant alleges that he made one trip to Alabama, to the leasehold. (Defendants' motion to dismiss at 5).

This court is mindful that where the facts of the complaint and the defendant's affidavits conflict, the district court must construe all reasonable inferences in favor of the plaintiff. *Madara*, 916 F.2d at 1514. This court finds that with this standard in mind, defendant Smith can be viewed as having actively and intentionally created a business known as PGI and paid rent for this business to lease space in Alabama. As such, this court finds that, as an agent for PGI, this defendant engaged in purposeful actions in Alabama to an extent that he had "fair warning" that he could be subject to jurisdiction in this state.

This court must now also look at other factors to determine whether the assertion of personal jurisdiction comports with "fair play and substantial justice." *Madara*, 916 F.2d at 1517 (citations omitted). These factors include the burden on the defendant on defending the lawsuit, the forum state's interest in adjudicating the dispute, the plaintiff's interest in obtaining convenient and effective relief, the interstate judicial system's interest in obtaining the most efficient resolution of controversies and the shared interest of the states in furthering fundamental substantial social policies. *Burger King*, 471 U.S. at 477, 105 S.Ct. at 2184 (citations omitted).

Defendant Smith alleges that he has no offices in Alabama, never used or leased the property in question; never had any place of business in Alabama nor purposefully availed himself of Alabama's laws. However, neither party to this action has provided any explanation to this court as to why Mr. Smith was signing checks on an account opened for what both parties agree was a business that leased space in Alabama. Thus, at this time, and until either party is able to provide this court with evidence as to Mr. Wilkerson's involvement, if any, with Mr. Smith, this court will retain jurisdiction over defendant Rodney Smith as agent for PGI.[4] Thus, that portion of defendant's motion to dismiss defendant Smith, who has been sued as an agent for PGI, is DENIED.

**DONE** and **ORDERED** this the _16_ day of December, 1998.

_____
INGE P. JOHNSON
UNITED STATES DISTRICT JUDGE

---

[4]This court notes that defendant PGI has not joined in the motion to dismiss for lack of personal jurisdiction and that defendant Smith apparently is the sole owner as to this business. Whether Mr. Wilkerson was acting as his agent at the time of signing the lease is not at issue in deciding the question of whether the court has personal jurisdiction over Mr. Smith as agent for PGI.