FILED
00 FEB 25 AM 9:41
U.S. DISTRICT COURT
N.D. OF ALABAMA

ENTERED
FEB 2 5 2000

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

BIRMINGHAM REALTY COMPANY,

    Plaintiff,

vs.   CASE NO. CV-98-J-2749-S

PGI ENGINEERING, INC., and
RODNEY R. SMITH, as agent of
PGI Engineering, Inc.,

    Defendants.

## MEMORANDUM OPINION

Defendant Rodney R. Smith as agent for PGI Engineering, Inc., filed a motion for summary judgment (doc. 28) to which the plaintiff has filed an opposition (doc. 31).

### I. FACTUAL BACKGROUND

In the light most favorable to the plaintiff, the court finds as follows:

The dispute in this matter is over a lease for office space in Birmingham, Alabama. The remaining defendants are residents of South Carolina and the plaintiff is a resident of Birmingham, Alabama.[1] In 1997, defendant Smith, non-party Bud Wilkerson and non-party James Gilliam created a corporation, PGI Engineering, Inc. ("PGI"), to provide engineering services in the Birmingham area.[2] Smith depo. I at 11. Defendant Smith was CEO of this

---

[1]By Order dated December 16, 1998, the court dismissed Proformance Group, Inc., Rodney Smith as an individual and Rodney Smith as an agent for Proformance Group, Inc., on the basis of lack of personal jurisdiction. Rodney Smith remains as a defendant in this case for consideration of the motion for summary judgment solely as an agent for PGI, Inc. *See* Order and Memorandum Opinion of December 16, 1998 (doc. 11 and 12)

[2]Defendant PGI has not made an appearance in this case after being duly served on November 13, 1998.

32

corporation and Wilkerson was president. Smith depo. I at 13; Wilkerson depo. at 26-28. Wilkerson contacted John Wilhelm, a Birmingham real estate broker, to assist PGI in finding office space. Wilhelm is neither a party to this suit nor an agent of plaintiff. Wilhelm negotiated with the plaintiff regarding the space eventually leased by Wilkerson. Wilkerson depo. at 40-42. No evidence has been submitted that defendant Smith had any part in these negotiations.[3]

Wilkerson entered a lease for office space with plaintiff on December 22, 1997. Wilkerson signed the lease as "president" of Proformance Group, Inc. *See* Exhibit B to plaintiff's complaint. Proformance Group, Inc. ("Proformance"), is a wholly separate corporation owned by defendant Smith. No evidence that Wilkerson was an officer of that corporation has been submitted to this court. PGI was not affiliated with Proformance, they were two separate corporations. Smith depo. I at 13; 36.

The parties dispute defendant Smith's knowledge and/or approval of Wilkerson's signing the lease in question as president of Proformance.

The plaintiff alleges Wilkerson was an agent for Proformance and acted at the direction of defendant Smith. Although Wilkerson signed the lease in question as "president" of Proformance, Joel Stoudenmire states by affidavit that, as counsel for

---

[3]The plaintiff argues that Smith testified he knew Wilkerson was negotiating a lease on behalf of PGI and received a copy of the lease in February or March 1998. Plaintiff's opposition at 4; Smith depo. I at 26-27. The court notes this does not make Smith a party to the lease negotiation. Further, Smith testified at deposition that he did not know who Wilhelm is. Smith depo. at 18.

defendant he has reviewed the minutes from meetings of shareholders and directors of PGI for the past five years and that Wilkerson was never elected president of PGI, nor even a shareholder of the same.[4] He further states that defendant Smith is reflected as the president of Proformance. *See* affidavit of Joel Stoudenmire, Exhibit D to defendants' motion to dismiss. As such, Mr. Wilkerson signed the lease under a title representing an authority he did not have. *See* Smith depo. I at 21.

Although plaintiff relies on a "fax lead sheet" to establish that Bud Wilkerson was acting on behalf of defendant Smith and/or Proformance as an agent there for, this was a fax sheet sent to Mr. Wilkerson himself from someone named Susan Hopkins. *See* Exhibit D to plaintiff's opposition. This court finds no evidence that this document was sent with Mr. Smith's knowledge or consent, or that it was sent on behalf of him individually or as owner of Proformance. *See* Smith depo. I at 18, 19, 21-22. Furthermore, Keith Hazelrig testified at deposition that he did not really rely on the fact that Wilkerson's name was on this fax lead sheet. Hazelrig depo. at 28.

The most evidence this court can find that defendant Smith took any action as an agent for PGI are three checks made out to the plaintiff and signed by the defendant Rodney Smith. The first of these checks is drawn on the account of Proformance and signed by Rodney Smith with a note that the check was for "First months (sic) Rent for PGI

---

[4]Both Proformance Group Inc. and PGI Engineering Inc. have the same initials. Stoudenmire's affidavit, however, specifies that the PGI reference in this affidavit refers to Proformance Group, Inc., and not PGI Engineering, Inc.

Engineering, Inc." Exhibit E to plaintiff's opposition. The second of these checks was drawn on an account of PGI from a bank different from the first check. Rodney Smith also signed this second check, apparently also for rent of the leased space, for February of 1998. Exhibit F to plaintiff's opposition. The third check is substantially similar to the second. Exhibit E to the complaint. In March, 1998, defendant Smith came to Alabama and closed PGI. Smith depo. I at 36-37. The plaintiff re-rented the space in May, 1998. Hazelrig depo. at 39-41.

## II. STANDARD FOR EVALUATING SUMMARY JUDGMENT

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett,* 47 U.S. 317, 322 (1986). The movant can meet this burden by presenting evidence showing there is no dispute of material fact, or by showing that the nonmoving party has failed to present evidence in support of some element of his case on which he bears the ultimate burden of proof. *Id.* at 322-23; *see* FED. R. CIV. P. 56(a) and (b).

Once the moving party has met its burden, Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by ... affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial,' " *Celotex,* 477 U.S. at 324. Rule 56(c) mandates the entry of

4

summary judgment against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Id.* at 322. The nonmoving party must point to significant probative evidence that would be sufficient to support a jury finding, mere allegations and conclusory statements are not sufficient. *See LaChance v. Duffy's Draft House, Inc.*, 146 F.3d 832, 835 (11th Cir. 1998).

### III. LEGAL ANALYSIS

The plaintiff makes four claims against defendant Smith: breach of contract, fraudulent representation, unjust enrichment and recoupment.

### A. Breach of Contract

Defendant Smith never signed the contract with the plaintiff, rather Bud Wilkerson signed as an agent for Proformance, an authority he did not have. The plaintiff alleges Smith instructed Wilkerson to do so, but has provided no evidence to support this claim. The plaintiff states Smith "intended to bind himself on the contract." The plaintiff argues that if the evidence conflicts as to whether an agent intended to bind himself on a contract, a jury question is created, citing *Shirley v. Lin*, 548 So.2d 1329, 1333 (1989). In that case, the agent in question actually signed the contract. Here, defendant Smith did not sign the lease in any capacity. As such, this court finds no evidence to support plaintiff's contention that Smith intended to bind himself. Furthermore, the Court in *Shirley* stated the general rule for liability of an agent for breach of contract entered on behalf of a disclosed principal is that

5

the agent binds either the principal or himself, but not both. *Shirley*, 548 So.2d at 1333, citing *Mobile Insurance v. Smith*, 441 So.2d 894 (Ala.1983).

Even if the court found an instruction by Smith to Wilkerson to take this action, at most this would authorize Wilkerson's signature as an agent of Proformance, not Wilkerson's signature as an agent of Smith who is before this court solely as an agent of PGI. Further, the plaintiff has not sued Wilkerson as an agent of any defendant. Under Alabama law, Wilkerson's signature as an agent of Proformance, assuming that authority, could only bind Proformance to the contract and not Smith as an agent of PGI. *See Mobile Insurance*, 441 So.2d at 897. The plaintiff cites no law to convince this court otherwise.

The court also notes that Smith signing the corporate check of Proformance to pay PGI's rent does not create any liability in Smith as an agent of PGI. Further, Smith's signature on the corporate checks of PGI may show that PGI ratified the lease signed by Wilkerson, but does not establish that defendant Smith intended to be bound on the lease as the agent of PGI. The plaintiff argues Smith intended to be bound because he used his personal line of credit and Proformance to pay PGI's bills during the company's start up. Smith depo. I at 28-30, depo. II at 5. At most, this supports a finding that Smith made a gift to PGI from his personal funds or that Proformance provided PGI with the money to pay the first month's rent for space PGI leased, also a gift.

6

### B. Fraud

Because the court finds defendant Smith never made any representation to the plaintiff, the court finds Smith could not have made a fraudulent representation to the plaintiff. The plaintiff argues that defendant Smith told Wilkerson to execute a lease on behalf of Proformance. Wilkerson depo. at 50. However, Wilkerson also testified he was looking for office space on behalf of PGI, which was already set up as a corporation. Even if the plaintiff could produce evidence that Smith told Wilkerson to fraudulently represent himself as president of Proformance in signing the lease, this does not impute a fraudulent representation to Smith.

As the court understands the plaintiff's argument, the plaintiff wants this court to find that because the plaintiff alleges Smith knew of Wilkerson's misrepresentation to plaintiff (which Smith disputes), Smith should be liable for breach of the lease agreement. The plaintiff fails to cite any law in support of this novel theory. This court declines to create a cause of action that states if one does not correct someone else's misrepresentation, he or she may be held liable for breach of a lease agreement.

### Unjust Enrichment

The plaintiff alleges the defendant has money which rightfully belongs to the plaintiff because the defendant did not make all the lease payments. If the defendant was obligated to pay on the lease, this cause of action would be called breach of contract. Because this court finds the defendant not so obligated on the lease, he can not be unjustly enriched by not

7

paying on the lease on which he is not obligated. The plaintiff cites no law in support of its argument to the contrary.

## Equitable Recoupment

The plaintiff argues that Smith, as an agent of PGI, misled the plaintiff by not telling them that he was not obligated on the lease. Therefore, the plaintiff seeks recoupment for damages due to Smith's breach of the lease. The court declines to create a cause of action which requires individuals to announce when they are not obligated to do something or otherwise be held liable for breach of contract.

## CONCLUSION

The defendant Smith's motion for summary judgment on all counts of the complaint be and hereby is **GRANTED**. Defendant Smith is **DISMISSED WITH PREJUDICE**.

Defendant PGI having never responded to the summons and complaint duly served and the plaintiff having failed to move for a default judgment against defendant PGI, the court hereby **DISMISSES** defendant **PGI WITHOUT PREJUDICE**.

**DONE** and **ORDERED** this the 25 day of February, 2000.

INGE P. JOHNSON
UNITED STATES DISTRICT JUDGE